IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 21-33-2 |
| | : | |
| ANDREW STEPHEN BADRI | : | |

McHUGH, J.                                                                                                                 May 9, 2024

**MEMORANDUM**

Defendant Andrew Badri¹ is currently serving a 120-month sentence of imprisonment after pleading guilty to possession of narcotics with intent to distribute. He has moved *pro se* for a modification of his sentence pursuant to 18 U.S.C. § 3582(c).²

To evaluate a motion to reduce a sentence, the Court must (1) determine the defendant's eligibility for a reduced sentence and, if eligible, calculate their amended guideline range; and (2) consider any applicable § 3553(a) factors to determine, in its discretion, whether a reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Mr. Badri's motion invokes Amendment 821 to the Sentencing Guidelines, which became effective on November 1, 2023 and applies retroactively. U.S.S.G. § 1B1.10(a)(1), (d). Before this amendment, the guidelines added two "status points" if an offense was committed while under a separate sentence of incarceration or probation. U.S. Sentencing Comm'n, *Amendment 821*.³ After this amendment, only those with

---

[1] The Defendant's name is listed as "Andrew Stephen Badri" in the Indictment and most documents related to this case, including those submitted by his counsel. I note for the record, however, that the Defendant provided his name as "Andrew *Stephens* Badri" in one *pro se* motion (ECF 77) and "Andrew Stephens *Bardi*" in another (ECF 81). I assume these differences are merely clerical errors.

[2] Mr. Badri cites to Section 3582(c)(1)(A), but the relevant provision is Section 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment . . . .").

[3] Available at https://www.ussc.gov/guidelines/amendment/821 [https://perma.cc/RR9M-W3H3].

1

a criminal history score of seven or more receive a single status point for committing an offense while under a separate sentence. *Id.* Those with a score of less than seven no longer receive any status points. *Id.*; U.S.S.G. § 4A1.1(e).

Mr. Badri's Presentencing Investigation Report calculated his Offense Level at 31 and his Criminal History Points at three. But because he committed the offenses at issue while on probation from state court, he received two additional "status points," bringing his points total to five. This placed Mr. Badri in a Criminal History Category of III, producing a guideline sentencing range of 135 to 168 months. U.S. Sentencing Comm'n, *Sentencing Table* (effective Nov. 1, 2021).[4] Under Amendment 821, however, Mr. Badri's Criminal History Points would remain at three, and his Criminal History Category would be II, producing a lower guideline range of 121 to 151 months.

Mr. Badri received a sentence of 120 months, which fell at the very bottom of a range that Mr. Badri and the government recommended to the Court pursuant to a plea agreement. ECF 52. So, even though Mr. Badri's guideline range is lowered by the retroactive application of Amendment 821, the sentence he received still falls below that range. And under the Sentencing Commission's Policy Statement, a sentence cannot be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also* 18 U.S.C § 3852(c)(1)(A) (sentence reductions must be "consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Perez*, No. 20-69, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024) (Kearney, J.) ("The Sentencing Commission's Policy statement 1B1.10(b)(2)(A) prevents us from re-sentencing [a defendant] below the . . . low-end of his amended sentence

---

[4] Available at https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2021/Sentencing_Table.pdf [https://perma.cc/S2XE-DA8L].

range.").[5]  Mr. Badri is therefore not eligible for a reduced sentence, and his motion must be denied.[6]  *See Dillon*, 560 U.S. 826-27.[7]

/s/ Gerald Austin McHugh
United States District Judge

---

[5] This policy contains one exception for defendants who gave "substantial assistance to authorities" prior to their initial sentencing, U.S.S.G. § 1B1.10(b)(2)(B), but this exception does not apply here.

[6] Given the procedural posture of this case, I see no need to provide any notice under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). *See Battle v. United States*, No. 13-2024, 2015 WL 3991167, at *8 (D.N.J. June 30, 2015) (Linares, J.).

[7] Notably, Mr. Badri's 120-month negotiated sentence did not incorporate the "career offender" enhancement for which he was eligible.  If the government had sought that enhancement and the Court had agreed to apply it, Mr. Badri's Criminal History Category would have automatically jumped to VI, producing a substantially higher guideline range of 188 to 235 months.  U.S.S.G. § 4B1.1(b).